UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEVON SMITH, )
)
      Petitioner )
)
vs. ) CAUSE NO. 3:11-CV-81 RM
) (Arising out of 3:09-CR-133(01) RM)
UNITED STATES OF AMERICA, )
)
      Respondent )

OPINION and ORDER

On January 19, 2010, just before the start of his jury trial, Devon Smith pleaded guilty without benefit of a plea agreement to all counts of the indictment charging him with knowingly possessing a firearm in furtherance of a drug trafficking crime (Count 1), in violation of 18 U.S.C. § 924(c); possession with intent to distribute marijuana (Count 2), in violation of 21 U.S.C. § 841(a)(1); and possession of a stolen firearm (Count 3), in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). On May 13, the court imposed a total term of imprisonment of 66 months (60 months on Count 1 and 6 months on each of Counts 2 and 3, with the terms of imprisonment on Counts 2 and 3 to be served concurrently with each other and consecutive to the term imposed on Count 1), three years of supervised release, and a $300 special assessment. Mr. Smith didn't appeal his sentence; he now asks that the sentence be vacated pursuant to 28 U.S.C. § 2255.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Mr. Smith challenges his conviction and sentence based on his claims that (1) he is actually innocent of possessing a firearm in furtherance of a drug trafficking crime and (2) his counsel was ineffective for allowing him to plead guilty to that count of the indictment. According to Mr. Smith, because he wasn't present when police discovered the drugs and firearms during their search of his residence, he didn't possess the firearms in furtherance of a drug trafficking crime. He says, too, that the drugs and firearms were found in different rooms and the government didn't present any evidence that he used the firearms while selling marijuana from his apartment, so he can't be guilty of the charge.

Before answering any questions at his change of plea hearing, Mr. Smith was placed under oath; he told the court that he understood that he was under oath and that if he answered any questions falsely, those answers could be used against him in another prosecution for perjury or making a false statement. Plea Hrg. Tr., at 2. Mr. Smith testified that his plea was knowing and voluntary, that he had told his counsel everything counsel needed to know to represent him in this case, that he was satisfied with the representation his counsel had provided,

and that no one had used any threats against him or made any promises to him to get him to plead guilty. Mr. Smith also responded to questions from his counsel as follows:

> COUNSEL: [I]n that dwelling, did you possess and maintain a controlled substance, namely, marijuana?
> MR. SMITH: Yes, sir.
> COUNSEL: Okay. And was it your intent to sell or distribute that marijuana to others for money?
> MR. SMITH: Yes, sir.
> COUNSEL: Okay. And did there come a time when you felt it necessary to acquire some firearms for your protection?
> MR. SMITH: Yes, sir.
> COUNSEL: And what firearms did you possess?
> MR. SMITH: I possessed a Springfield Model XD-9 handgun, the L1A1 sporter rifle, and a Winchester – I mean the Federal Ordinance bolt-action rifle.
> COUNSEL: And did you possess those for your protection?
> MR. SMITH: Yes, for protection. Yes.
> COUNSEL: And was it also part of your intent in the possession of those firearms to protect the marijuana that you possessed in that dwelling and were distributing from that dwelling?
> MR. SMITH: Yes.

Plea Hrg. Tr., at 3-4.

The court further questioned Mr. Smith:

> THE COURT: With respect to the charge of possessing a firearm in furtherance of a drug trafficking crime – the law calls these the essential elements. "Essential" means they've got to be there. For you to be guilty of the charge in Count 1 of possessing a firearm in furtherance of a drug trafficking crime, the government has to prove beyond a reasonable doubt that you committed the crime charged in Count 2, the possession with intent to distribute marijuana, and, second, that you knowingly possessed a firearm in furtherance of that crime. To be guilty of the crime charged in Count 2, possession with intent to distribute marijuana, the following facts have to be true,

3

|               | either you agree that they're true or the government would have to prove them beyond a reasonable doubt: First, that you knowingly or intentionally possessed marijuana, and, secondly, that you possessed that marijuana with the intent to deliver it to another person, to transfer possession to another person. . . . Do you understand what has to be true for you to be guilty of these charges, sir? |
| ------------- | ------------- |
| MR. SMITH:    | Yes, sir. |
| THE COURT:    | Is that how you understood it when you came into court? |
| MR. SMITH:    | Yes, sir. |
| THE COURT:    | Do you still think you're guilty? |
| MR. SMITH:    | Yes. |

Plea Hrg. Tr., at 8-9.

Mr. Smith admitted that he had purchased the firearms as protection for himself and his drug business. Those sworn statements are presumed to be truthful when determining whether his plea was knowing and voluntary. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). Because the record supports a finding that Mr. Smith's guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him," Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)), and Mr. Smith admitted that he possessed firearms to protect and further his drug trafficking business, he can't prevail on his claim that he is actually innocent of the charge in Count 1.

"To prevail on his ineffective assistance claim, [Mr. Smith] must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that 'the [alleged] deficient performance prejudiced the

4

defense.' In order to satisfy the prejudice prong, [Mr. Smith] must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006) (*quoting* Strickland v. Washington, 466 U.S. 668, 687-688, 694 (1984)). "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [Mr. Smith] would not have pleaded guilty." Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002).

Mr. Smith hasn't alleged he wouldn't have pleaded guilty had counsel acted differently. United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005). He instead claims that his counsel should have come to court "'armed' with the fact that movant was not at his residence when the officers discovered the firearms and drugs." He claims that location of the firearms "did not have the potential of facilitating the movant's drug trafficking [business]." According to Mr. Smith, his counsel should have "thoroughly research[ed] the various 18 U.S.C. § 924(c) cases pertaining to 'possession' and 'systematically' demonstrated how the movant did not 'possess' a firearm in furtherance of a drug trafficking crime." Memo., at 5.Mr. Smith's legal analysis is incorrect.

Mr. Smith wasn't present at the apartment during the police search, but he freely admitted that he lived at the apartment, the firearms belonged to him, and he conducted his drug business from the residence. Although Mr. Smith wasn't in actual possession of the firearms when they were discovered, his "substantial connection to the [apartment]" is evidence of his constructive possession of the

5

weapons. United States v. Brown, 328 F.3d 352, 355 (7th Cir. 2003); *see also* United States v. Castillo, 406 F.3d 806, 812 (7th Cir. 2005) (evidence that the weapons were the defendant's supports "a nexus between the weapon and the defendant"). Constructive possession is defined as "having (and knowing one has) the power and the intention at a given time to exercise dominion and control over the firearm, either directly or through others." United States v. Castillo, 406 F.3d 806, 812 (7th Cir. 2005).

In distinguishing between criminal "possession-in-furtherance" under 18 U.S.C. § 924(c) and the innocent possession that falls outside its scope, the court should consider "the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found. Ultimately, common sense must be the guide." United States v. Mitten, 592 F.3d 767, 777 (7th Cir. 2010) (*quoting* United States v.Duran, 407 F.3d 828, 840 (7th Cir. 2005)). Applying those considerations here, the record shows that Mr. Smith sold marijuana from his apartment; the firearms were readily accessible in the apartment (in the utility room and in the living room on a book shelf and under a couch cushion); a handgun and two rifles were possessed; two of the weapons were stolen; the firearms were possessed illegally; multiple rounds of ammunition were found and two of the guns (the handgun and a rifle) were loaded; drugs were found in the kitchen, which, in the four room apartment, was in close proximity

6

to the guns; the guns and drugs were found by police during their execution of a search warrant at the apartment. "This plainly was not a case of innocent possession of a wall-mounted antique or an unloaded hunting rifle locked in a cupboard." United States v. Huddleston, 593 F.3d 596, 602 (7th Cir. 2010) (internal quotation and citation omitted). Mr. Smith's claim that his counsel was ineffective for not arguing that the location of the firearms in his apartment didn't have the potential of facilitating his drug distribution business is without merit. *See* United States v. Rezin, 322 F.3d 443, 446 (7th Cir. 2003) ("[a] defendant's lawyer has, it is certainly true, no duty to make a frivolous argument").[1]

Mr. Smith hasn't identified any acts or omissions of counsel that were "outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. at 690. Mr. Smith hasn't alleged facts that would show that his counsel's performance fell below an objective standard of reasonableness or that "the [alleged] deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. at 687. Nor has Mr. Smith alleged anything that could demonstrate "a reasonable probability that, but for counsel's unprofessional

---

[1] Mr. Smith was represented by different counsel at sentencing. At the sentencing hearing, counsel James Stevens argued that because Mr. Smith lived in a high-crime neighborhood, his possession of the firearms should be viewed as having been for protection of life and property. To the extent Mr. Smith might be arguing that he received ineffective assistance of counsel at his sentencing hearing relating to the § 924(c) issue, he can't prevail. His counsel raised the issue, and the court's rejection of counsel's argument doesn't show ineffective assistance of counsel. *See* Sent. Memo., at 3 ("Mr. Smith's possession of the firearms for protection was both in furtherance of, and in connection with, his marijuana distribution crime."); *see also* United States v. Rezin, 322 F.3d 443, 446 (7th Cir. 2003) (if an argument "does not prevail, then the lawyer is not guilty of ineffective assistance, because ineffective assistance requires both that the lawyer fail to come up to minimum professional standards for the representation of criminal defendants and that the failure be prejudicial").

errors, the result of the proceeding would have been different," Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006), especially in light of his sworn statements that he sold drugs from his apartment and he purchased the firearms for his personal protection and for the protection of his drug distribution business. Mr. Smith hasn't carried his burden of establishing his ineffective assistance of counsel claim.

Mr. Smith isn't entitled to the relief he seeks. The court SUMMARILY DISMISSES his petition filed pursuant to 28 U.S.C. § 2255 [docket # 29].

SO ORDERED.

ENTERED:  March 15, 2011 

 /s/ Robert L. Miller, Jr. 
Judge, United States District Court

cc: D. Smith
     AUSA Barrett