UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEVON SMITH, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| vs. | ) CAUSE NO. 3:11-CV-81 RM |
| | ) (Arising out of 3:09-CR-133(01) RM) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

OPINION and ORDER

In May 2010, Devon Smith pleaded guilty to all three counts of the indictment, which included a charge of possessing a firearm in furtherance of drug trafficking activity in violation of 18 U.S.C. § 924(c). Some months later, Mr. Smith filed a petition pursuant to 28 U.S.C. § 2255, seeking to have his sentence vacated based on his claim that he was innocent of the § 924(c) charge because he wasn't present at his apartment when police conducted the search and his attorney was ineffective for allowing him to plead guilty. The court denied Mr. Smith's § 2255 petition on March 15, 2011 based on his testimony at his change of plea hearing that he purchased and possessed firearms as protection for himself and the marijuana business he was conducting from his apartment, where the guns and drugs were discovered by police, and because he hadn't established that his counsel's representation was deficient in any way. Mr. Smith has filed an appeal of that order and is before the court asking that a certificate of appealability be issued. Although Mr. Smith hasn't filed a motion to proceed *in*

*forma pauperis* on his appeal, the court will view his motion as including that request, as well.

Issuance of a certificate of appealability requires the court to find that Mr. Smith has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He hasn't done so. Mr. Smith didn't establish that his guilty plea was anything but informed and voluntary or that his counsel provided ineffective assistance. His request for a certificate of appealability will be denied.

Federal Rule of Appellate Procedure 24(a)(3) provides that a financially indigent person may be permitted to proceed on appeal *in forma pauperis* unless the court "certifies that the appeal is not taken in good faith." In other words, the court must determine "that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000). Because no reasonable person could find that Mr. Smith's appeal has any merit, the court concludes that his appeal is not taken in good faith, and his request for pauper status must be denied.

Based on the foregoing, Mr. Smith's motion for a certificate of appealability and for leave to proceed *in forma pauperis* on appeal [docket # 36] is DENIED.

SO ORDERED.

ENTERED:  April 1, 2011 


    /s/ Robert L. Miller, Jr.
Judge, United States District Court

cc: D. Smith
　　 AUSA Barrett